IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TERRY C.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:18-CV-0096-BL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U. S. C. § 405(g), Plaintiff seeks judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Act.[2] *See* Compl. (doc. 1). The Commissioner has filed an answer, *see* Def.'s Answer (doc. 11), and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. [hereinafter "R."] (doc. 13). In response to Plaintiff's Memorandum of Law (doc. 15), the Commissioner filed a Motion to Remand (doc. 16) based upon the fourth sentence of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Plaintiff does not oppose the substance of the motion, but objects to the particular wording of remand. *See* Pl.'s Resp. (doc. 17). The Commissioner has not filed a reply to Plaintiff's response and the time for doing so has now passed. The motion is ripe for ruling.

The United States District Judge referred the case to the undersigned pursuant to 28 U.S.C.

---

[1] To protect privacy concerns of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

[2] Title II governs disability insurance benefits, *see* 42 U.S.C. §§ 401-34, and Title XVI governs supplemental security income for the aged, blind, and disabled, *see id.* §§ 1381-1383. Final determinations under Title XVI are subject to the same judicial review as provided in § 405(g). *See* 42 U.S.C. § 1383(c)(3).

§ 636 and the parties have not consented to proceed before a United States Magistrate Judge. After considering the motion to remand and accompanying briefs, the undersigned **RECOMMENDS** that the Court **GRANT** the motion to remand and remand this case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). There is no dispute that the case should be remanded.

The sole dispute is whether the Court should use remand language provided by the Commissioner, i.e., remanding this case "for further administrative action, including a new decision," or language suggested by Plaintiff: "Should the Appeals Council remand to an ALJ, upon remand the ALJ will conduct further proceedings and develop the administrative record as necessary to determine whether Plaintiff is disabled within the meaning of the Social Security Act, including offering plaintiff a new hearing, and issuing a new decision." Plaintiff explains that this case involves a concurrent claim under Title II for DIB and under Title XVI for SSI and that he is insured for Title II purposes through December 31, 2019, and has a right to continuing Title XVI benefits. Pl. Resp. at 1-2. He argues that omitting the suggested language could create an un-adjudicated period within a valid claim. *Id.* at 2.

Plaintiff provides solid reasons for including this additional language and the Commissioner has provided no reason for the Court to not provide the additional instruction. Accordingly, the undersigned further **RECOMMENDS** that the remand order utilize the language suggested by Plaintiff unless the Commissioner provides a legitimate reason not to do so. Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings in accordance with normal procedures.

A copy of this Report and Recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 15th day of March, 2019.**

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**